Supreme Court—In re Rinaldi.

---

IN THE MATTER OF THE APPLICATION OF RAYMOND RINALDI FOR A REVIEW OF THE PROCEEDINGS FOR CONTEMPT.

Submitted January 28, 1927—Decided May 21, 1927.

Contempt of Court—Petitioner Convicted of Contempt in Refusing to Answer Questions While a Witness in a Criminal Case—Petition Brought Under Act of 1884 Authorizing a Rehearing on the Petition of Two Counselors-at-Law—Held, That Petitioner Has Failed to Provide a Proper Presentation of Facts as Provided For in the Act, and That There is Nothing Upon Which a Decision Can Rest—Leave Granted to Petitioner to Take Further Proceedings.

On appeal from a judgment of contempt of court.

Before Justices KALISCH, KATZENBACH and LLOYD.

For the petitioner, *George E. Cutley.*

For the state, *John Millon.*

PER CURIAM.

Raymond Rinaldi has presented his petition to this court setting forth a conviction and sentence for contempt of court in the Hudson County Court of Quarter Sessions for refusal to answer a series of questions propounded by the court and by the prosecutor of the pleas in the trial of the case of State *v.* William Bromley in that court. This petition is signed by two counselors-at-law in accordance with the act of 1884. *Comp. Stat., p.* 1737.

Subsequently, to the presentation of the petition briefs were filed by petitioner's counsel and also by the prosecutor of the pleas. Accompanying the brief for the petitioner there is a schedule purporting to contain the proceedings, or a part of the same, in the Bromley case, but of which the court cannot take cognizance as it does not appear either by stipulation of counsel or certificate of the court to be such record, nor any stipulation that it shall be used in lieu of the proceedings indicated by the act of 1884. Section 2 of that act provides that "every such conviction and judgment shall upon the petition of the person or persons convicted, signed by at least two counselors-at-law, be by the court wherein such conviction is had, immediately certified and sent to the Supreme Court  *  *  *  to which the same shall be certified and sent together with the petition of appeal and all proceedings touching the conviction and judgment." The act further provides that "this court shall be invested with jurisdiction and be required to rehear the matter of contempt upon which the conviction was founded, both upon the law and upon the facts, which shall be inquired into and ascertained by depositions or in such other way or manner as the court above shall direct."

While the court is empowered and required to rehear the matter of contempt, it can only do so upon a proper presen-

tation of the facts, and the initiative for the presentation of such facts must rest upon the petitioner.

There is, in the present state of the record, nothing upon which we can rest a decision except to dismiss the petition for want of prosecution. In view of the fact, however, that the proceeding in the court below and here involves the liberty of a citizen, and inasmuch as counsel for the state has not moved for a dismissal, the court will not of its own motion order such dismissal, but will grant leave to the petitioner to take further proceedings upon his petition in accordance with the act of 1884, *supra*. See *Attorney-General* v. *Verdon*, 90 *N. J. L.* 494.